FILED

2017 MAR 13 PM 1:10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHERRYL CATES-AQUINO and LUIS AQUINO,

Plaintiffs,

CASE NO.: 5:17-cv-98-Oc-30PRL

-VS-

SANTANDER CONSUMER USA, INC.,

Defendant.

_______________________________/

## COMPLAINT

COMES NOW Plaintiffs, Sherryl Cates-Aquino (individually "Ms. Cates-Aquino") and Luis Aquino (individually "Mr. Aquino) (collectively "Plaintiffs"), by and through the undersigned counsel, and sues Defendant, Santander Consumer USA, Inc. ("Santander"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Santander from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

**JURISDICTION AND VENUE**

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Marion County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**FACTUAL ALLEGATIONS**

9. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Marion County, Florida

10. Plaintiffs are "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiffs are "alleged debtors."

12. Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Santander, is a corporation with its principal place of business located at 1601 Elm St., Suite 800, Dallas, TX 75201 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Rd., Plantation, FL 33324.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Santander is a "creditor" as defined in Florida Statute §559.55(5)

16. Santander called Plaintiffs on their cellular telephones approximately two-hundred (200) times since May 1, 2016, in an attempt to collect a debt.

17. Santander attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received and because they received prerecorded messages from Santander.

19. Ms. Cates-Aquino is the subscriber, regular user and carrier of the cellular telephone number (352) ***-5119 and was the called party and recipient of Defendant's calls.

20. Mr. Aquino is the subscriber, regular user and carrier of the cellular telephone number (352) ***-1807 and was the called party and recipient of Defendant's calls.

21. Beginning on or about May 1, 2016, Santander began bombarding Plaintiffs' cellular telephones (352) ***-5119 and (352) ***-1807 in an attempt to collect on a loan concerning a recreational vehicle.

22. On or about July 6, 2016 at 1:51 PM, Ms. Cates-Aquino answered an automated call to her cellular telephone from Santander and spoke to an agent known only as "Brittney." Ms. Cates-Aquino instructed Santander to stop calling her cell phone as well as Mr. Aquino's cell phone. Brittney responded that Santander can all up to three (3) times a day if they want. Ms. Cates-Aquino told Santander that she is disabled, sick and does not want to talk to them anymore. Brittney then offered Ms. Cates-Aquino financial assistance and asked for an e-mail address which Ms. Cates-Aquino would not provide as she didn't want further harassment via another medium. Brittney then informed Ms. Cates-Aquino assistance could not be offered without an e-mail or fax number, to which Ms. Cates-Aquino hung up on Brittney.

23. The above described July 6, 2016 call with Santander was so frustrating and stressful to Ms. Cates-Aquino that she was in tears and her blood pressure rose to 149 over 96.

24. On August 10, 2016, Mr. Aquino answered a call from Santander to his cellular telephone and spoke to an unknown agent; Mr. Aquino instructed the agent that he wanted Santander to stop calling both him and his wife.

25. On September 20, 2016, Ms. Cates-Aquino again answered a call from Santander to her cellular telephone and spoke to Brittney again, Ms. Cates-Aquino reminded Brittney that they had spoken before and Plaintiff had requested a cessation of

calls. Ms. Cates-Aquino also told Brittney how the previous call had upset and stressed her so much resulting her blood pressure rising. Brittney told Ms. Cates-Aquino that she didn't recall being asked to put Ms. Cates-Aquino on the "do not call list." Ms. Cates-Aquino was offended and told Brittney not to suggest she had not been told in the past to stop calling Plaintiffs. Brittney pushed for a payment from Plaintiffs and Ms. Cates-Aquino informed Brittney that she couldn't get blood from turnip and Plaintiffs would pay when they had the money.

26. On December 29, 2016, Ms. Cates-Aquino called into Santander to make a payment on her account. She spoke to agent known only as "Joshua" who accepted her payment, during the call though Ms. Cates-Aquino informed Santander that her calling Santander to make a payment did not give Santander to call either her cell phone or Mr. Aquino's cell phone.

27. Due to the tremendous volume of calls Plaintiffs received over a lengthy period of time, they were not able to properly catalogue each and every call, however attached hereto as **Exhibits A and B** is a small sampling of some of the automated calls Plaintiffs received to their cellular telephones from Santander.

28. Santander has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiffs' cellular telephones in this case.

29. Santander has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephones

in this case, with no way for consumers, the Plaintiffs, or Santander, to remove the numbers.

30. Santander's corporate policy is structured so as to continue to call individuals like Plaintiffs despite these individuals explaining to Santander they wish for the calls to stop.

31. Santander has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32. Santander has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

33. Santander has had numerous complaints from consumers across the country against it asking to not be called; however, Santander continues to call the consumers.

34. Santander's corporate policy provided no means for Plaintiffs to have their number removed from Santander's call list.

35. Santander has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

36. Not a single call placed by Santander to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Santander willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

38. From each and every call placed without consent by Santander to Plaintiffs' cell phones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

39. From each and every call without express consent placed by Santander to Plaintiffs' cell phones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular phones by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Santander's calls.

40. From each and every call placed without express consent by Santander to Plaintiffs' cell phones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls answered, the time Plaintiffs spent on the calls were unnecessary as they had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the phones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by Santander to Plaintiffs' cell phone was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock their phones and deal with missed call notifications and call logs that reflected the unwanted calls. This

also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

42. Each and every call placed without express consent by Santander to Plaintiffs' cell phones resulted in the injury of unnecessary expenditure of Plaintiffs' cell phones' battery power.

43. Each and every call placed without express consent by Santander to Plaintiffs' cell phones where a voice message was left which occupied space in Plaintiffs' phones or network.

44. Each and every call placed without express consent by Santander to Plaintiffs' cell phones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular phones and cellular phone services.

45. As a result of the calls described above, Ms. Cates-Aquino suffered an invasion of privacy. Ms. Cates-Aquino was also affected in a personal and individualized way by stress, anxiety, insomnia, increased blood pressure and a frayed relationship with Mr. Aquino.

46. As a result of the calls described above, Mr. Aquino suffered an invasion of privacy. Mr. Aquino was also affected in a personal and individualized way by stress, anxiety and a frayed relationship with Ms. Cates-Aquino. The stress Mr. Aquino experienced became so bad he believed at one point he was having a heart attack and to a VA Hospital, however the tests run came back negative as to a heart attack, the doctors attributing the incident to stress.

**COUNT I**
**(Violation of the TCPA)**

47. Plaintiffs fully incorporate and reallege paragraphs one (1) through forty-six (46) as if fully set forth herein.

48. Santander willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls made to Plaintiffs' cellular telephones after Plaintiffs notified Santander that they wished for the calls to stop.

49. Santander repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Santander for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

50. Plaintiffs fully incorporate and reallege paragraphs one (1) through forty-six (46) as if fully set forth herein

51. At all times relevant to this action Santander is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. Santander has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

53. Santander has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54. Santander's actions have directly and proximately resulted in Plaintiffs' prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Santander for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiffs

# EXHIBIT A

## SHERRYL CATES-AQUINO CALL LOG (352-598-5119)

| DATE OF CALL | TIME OF CALL | NUMBER CALLING |
|---|---|---|
| 5-1-16 | 10:27 AM | 888-222-4227 |
| 6-30-16 | 12:51 PM | 888-222-4227 |
| 7-6-16 | 1:51 PM | 888-222-4227 |
| 8-8-16 | 5:06 PM | 888-222-4227 |
| 8-11-16 | 10:44 AM | 888-222-4227 |
| 8-11-16 | 12:25 PM | 888-222-4227 |
| 8-30-16 | 9:23 AM | 888-222-4227 |
| 8-31-16 | 12:56 PM | 888-222-4227 |
| 9-1-16 | 12:49 PM | 888-222-4227 |
| 9-2-16 | 9:14 AM | 888-222-4227 |
| 9-3-16 | 9:46 AM | 888-222-4227 |
| 9-6-16 | 10:36 AM | 888-222-4227 |
| 9-7-16 | 1:18 PM | 888-222-4227 |
| 9-8-16 | 9:40 AM | 888-222-4227 |
| 9-8-16 | 4:55 PM | 888-222-4227 |
| 9-9-16 | 11:42 AM | 888-222-4227 |
| 9-12-16 | 11:52 AM | 888-222-4227 |
| 9-13-16 | 9:37 AM | 888-222-4227 |
| 9-13-16 | 5:46 PM | 888-222-4227 |
| 9-14-16 | 1:20 PM | 888-222-4227 |
| 9-15-16 | 9:36 AM | 888-222-4227 |
| 9-15-16 | 9:36 AM | 888-222-4227 |
| 9-16-16 | 9:15 AM | 888-222-4227 |
| 9-17-16 | 9:10 AM | 888-222-4227 |
| 9-19-16 | 9:24 AM | 888-222-4227 |
| 9-19-16 | 12:56 PM | 888-222-4227 |
| 9-20-16 | 9:24 AM | 888-222-4227 |
| 9-21-16 | 1:30 PM | 888-222-4227 |
| 9-21-16 | 2:20 PM | 888-222-4227 |

# EXHIBIT B

## LUIS AQUINO CALL LOG (352-598-1807)

| DATE OF CALL | TIME OF CALL | NUMBER CALLING |
|---|---|---|
| 8-10-16 | | 888-222-4227 |
| 8-11-16 | | 888-222-4227 |
| 9-28-16 | 2:34 PM | 888-222-4227 |
| 9-28-16 | 6:42 PM | 888-222-4227 |
| 10-11-16 | 10:40 AM | 888-222-4227 |
| 10-14-16 | 4:41 PM | 888-222-4227 |
| 10-31-16 | 10:38 AM | 888-222-4227 |
| 11-4-16 | 4:37 PM | 888-222-4227 |
| 11-7-16 | 12:34 PM | 888-222-4227 |
| 11-10-16 | 12:55 PM | 888-222-4227 |
| 11-11-16 | 12:12 PM | 888-222-4227 |
| 11-17-16 | 1:38 PM | 888-222-4227 |
| 11-18-16 | 10:03 AM | 888-222-4227 |
| 12-01-16 | 4:58 PM | 888-222-4227 |
| 12-02-16 | 9:06 AM | 888-222-4227 |
| 12-05-16 | 9:37 AM | 888-222-4227 |
| 12-07-16 | 1:12 PM | 888-222-4227 |